UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARREL C.,[1]

       Plaintiff,

   v.                                                               18-CV-1262-LJV
                                                                           DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

The plaintiff, Darrel C. ("Darrel"), is a prevailing party in this social security benefits action. His counsel, Justin Goldstein, Esq., has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 21. The defendant does not oppose the motion but defers to the Court to determine whether the motion is timely. Docket Item 24.

**I.     TIMELINESS**

On August 2, 2019, the Second Circuit held that Section 406(b)(1)(A) motions must be filed within 14 days of the claimant's receiving a notice of award. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Notwithstanding this deadline, the Second Circuit made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant." *See id.* at 89.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

The Social Security Administration ("SSA") issued Darrel a notice of award on January 17, 2021. Docket Item 21-3 at 1-2. The notice of award indicated that Darrel was entitled to $136,376 in past-due benefits and that $34,094 had been withheld to pay attorney's fees. *See id.* at 3; Docket Item 21-1 at 2. On Friday, February 5, 2021, Goldstein learned about the notice of award from the individual who had represented Darrel in the remand hearing. Docket Item 21-1 at 3. Three days later, on Monday, Goldstein filed this motion. *Id.*

There is no dispute that this motion was filed more than 14 days after Goldstein's *client* received the notice of award. But there also is no dispute that the motion was filed within 14 days of when Goldstein says he received notice. Indeed, Goldstein filed this motion three days—and only one business day—after he was alerted to the award. *Id.* Although the motion for attorney's fees is untimely under *Sinkler*, this Court will excuse the delay.

## II.   REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Darrel was awarded $136,376 in past-due benefits. Docket Item 21-1 at 2. Goldstein seeks $25,244 in fees, which is less than 25% of the past-due benefits and

therefore less than what Goldstein might be entitled to under the contingent-fee agreement providing for attorney's fees in the amount of 25% of any recovery. See Docket Item 21-5.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Moreover, there is no indication that this fee is a windfall.[2] Id. The $25,244 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on April 22, 2020, this Court previously awarded Darrel's counsel $7,840.52 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Items 19, 20. Because the fees granted above exceed the EAJA fees, Darrel's counsel must refund the EAJA fees to him. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

---

[2] While the fee here constitutes an hourly rate of over $647—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here. See Gisbrecht, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

**<u>ORDER</u>**

In light of the above,

IT IS HEREBY ORDERED that Darrel's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $25,244, Docket Item 21, is GRANTED; and it is further

ORDERED that Darrel's counsel shall refund the $7,840.52 in EAJA fees to Darrel within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   March 15, 2021
         Buffalo, New York

                                      */s/ Lawrence J. Vilardo*
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE